UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUY CHI LUONG,<br><br>Defendant. | Case No. 96-cr-00094-JSW-2<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 2461 |

Now before the Court for consideration is the motion to reduce sentence filed by Defendant Huy Chi Luong ("Luong"). The Court has considered the parties' papers, the recommendation from the Probation Officer, relevant legal authority, and the record in this case. For the reasons that follow, the Court DENIES Luong's motion.

## BACKGROUND

The Court has recounted the procedural history of Luong's conviction and sentence in several prior orders and will not repeat them here. (*See* Docket No. 2108, Order Denying Motion to Vacate ("8/5/13 Order"); 2296, Order Denying Second Motion to Vacate ("6/12/18 Order").) In brief, a jury convicted Luong of: (1) a violation of 18 U.S.C. section 1962(c), the Racketeering Influenced and Corrupt Organizations Act; (2) a violation of 18 U.S.C. section 1962(d); (3) a violation of 18 U.S.C. section 1951(a) (the "Hobbs Act robbery"), related to a robbery of Hokkins Systemation ("the Hokkins robbery"); (4) conspiracy to commit Hobbs Act robbery; and (5) a violation of 18 U.S.C. section 924(c) based on the Hokkins Robbery (the "Section 924(c) conviction"). *See United States v. Luong*, 215 Fed. Appx. 639, 643-44 (9th Cir. 2006).

In his first section 2255 motion, Luong raised two claims, one of which is relevant to his

1  current motion. According to Luong, his Fifth Amendment right to due process was violated
2  because the evidence was insufficient to convict him as a principal in the Hokkins robbery, and
3  related offenses, where the Government proceeded on an aiding and abetting theory, but the jury
4  was not given any instructions on an aiding or abetting or a *Pinkerton* theory of vicarious liability.
5  (8/5/13 Order at 2:15-19.) The Court denied the motion, and its ruling was based in part on the
6  fact that the trial court instructed the jury "under a causing theory of liability." (*Id.* at 5:4-5 (citing
7  record); *see generally id.* at 5:3-6:16, 8:13-20.) On June 30, 2014, the Ninth Circuit denied
8  Luong's request for a certificate of appealability. (Dkt. No. 2143.)

In his second motion to vacate, Luong argued that the predicate crime of violence used to support his Section 924(c) conviction was conspiracy to commit Hobbs Act robbery, which he argued could not be considered a crime of violence following *Johnson v. United States*, 576 U.S. 591 (2015). The Court, however, concluded that the predicate crime of violence for the Section 924(c) conviction was a Hobbs Act robbery, specifically the Hokkins robbery. (6/12/18 Order at 5:8-21.) The Court concluded its analysis of the predicate crime supporting the Section 924(c) conviction as follows:

> although [Luong] was convicted of Section 924(c) under a *Pinkerton* theory, he is held liable for the substantive offense. *Further, [Luong] was convicted of Hobbs Act robbery under a causing theory of liability pursuant to 18 U.S.C. section 2(b).* (8/5/13 Order at 6:7-16.) For these reasons, the Court concludes that the predicate crime of violence that supported Luong's Section 924(c) conviction is a Hobbs Act robbery.

(*Id.* at 6:21-25 (emphasis added).) On June 28, 2021, the Ninth Circuit affirmed and held the Section 924(c) conviction was predicated on a Hobbs Act robbery. (Dkt. No. 2399.)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.    Applicable Legal Standard.**

Luong now moves to vacate his sentence pursuant to the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"), 18 U.S.C. section 3582 ("Section 3582"). The First Step Act amended portions of Section 3582, and the relevant portion of those amendments provide that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of
>
> days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Once a defendant has exhausted their administrative remedies, a court may grant a motion for compassionate release if, after the considering the Section 3553(a) factors, it finds "extraordinary and compelling reasons warrant" a reduction. The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Luong bears the burden to show a sentence reduction is warranted. *See, e.g., United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling'" reasons; however, it did state that "[r]ehabilitation of the defendant alone" will not meet the standard. *United States v. Rodriguez*, 424 F. Supp. 3d 681 (N.D. Cal. Nov. 25, 2019) (quoting 28 U.S.C. § 994(t)). Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons" when "promulgating general policy statements" relating to Section 3582(c)(1)(A). 28 U.S.C. § 994(t).

Guideline section 1B1.13 sets forth four "extraordinary and compelling reasons" that may

warrant a sentence reduction.  U.S.S.G. § 1B1.13.  The first three reasons pertain to the medical condition of the defendant, age of the defendant, and family circumstances.  U.S.S.G. § 1B1.13, app. note 1(A)-(C).  The fourth is a "catch-all" provision entitled "Other Reasons", which provides that "[a]s determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, app. note. 1(D).

Section 1B1.13 is not an "applicable" policy statement for motions for compassionate release filed by defendants.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Therefore, although the statements in Section 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, … they are not binding." *Id.*; *see also United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (holding "that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)").

### B.     The Court Denies Luong's Motion.

#### 1.     Exhaustion.

Luong represents in his motion that he submitted a request to the Warden of FCI Texarkana, where he is housed, seeking compassionate release on the grounds raised in this motion.  The letter denying Luong's request does not address those issues and refers only to medical issues not raised in this motion.  (Declaration of Charles Woodson, ¶ 2, Ex. A.)  The Government does not dispute that Luong has exhausted his administrative remedies.  The Court therefore accepts counsel's representations that each ground raised was presented in his request and concludes it has jurisdiction to decide this motion.  *See, e.g., United States v. Narez*, No. 05-cr-231 AWI, 2021 WL 5566787, at *3-4 (E.D. Cal. Nov. 29, 2021) (addressing question of whether issue exhaustion is required and citing cases).

#### 2.     Extraordinary and Compelling Reasons.

Luong argues that extraordinary and compelling circumstances exist based on the United States Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022).  The defendant

4

in *Taylor* challenged argued his Section 924(c) conviction could not be considered a crime of violence where the predicate crime was attempted Hobbs Act robbery. *Id.* at 2020-21. Applying the categorical approach, the Court stated the elements of attempted Hobbs Act robbery are: (1) the intent "to unlawfully take or obtain personal property by means of actual or threatened force[;]" and (2) completing a "'substantial step' toward that end." *Id.* at 2020. Because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force," the Court held attempted Hobbs Act robbery does not qualify as a crime of violence under Section 924(c)'s elements clause. *Id.* at 2021; *see also id.* at 2020-26.

Luong argues that *Taylor* calls his Section 924(c) conviction into question because the jury was instructed it could convict him under a "causing" theory of liability, which did not require the Government to prove Luong himself actually used or threatened the use of force. The Court is not persuaded. There is no question that the predicate crime underlying Luong's conviction was a Hobbs Act robbery. The Ninth Circuit has held that Hobbs Act robbery is a crime of violence under the elements clause, and that decision has not been disturbed *Taylor*. *See United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022) (vacating Section 924(c) convictions premised on attempted Hobbs Act robbery in light of *Taylor* but "affirming all remaining counts for the reasons explained in … opinion reported at 954 F.3d 1251"). In the portion of *Dominguez* that the court reaffirmed, it held that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)". *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

Here, Luong was convicted as a principal for the underlying Hobbs Act robbery. *Cf. Young v. United States,* 22 F.4gh 1115, 1121-23 (9th Cir. 2022) (aiding and abetting armed bank robbery is a crime of violence for purposes of Section 924(c)); *United States v. Henry,* 984 F.3d 1343, 1357 (9th Cir. 2021) (holding convictions under Section 924(c) were valid, where defendant was convicted of armed bank robbery, a crime of violence, under *Pinkerton* theory of liability); *cf. Ortega-Lopez v. Barr*, 978 F.3d 680, 687 n.9 (9th Cir. 2020) ("Aiding and abetting is not a separate offense; it is simply one means of committing the underlying crime."); *Londono-Gomez v. I.N.S.*, 699 F.2d 475, 476 (9th Cir. 1983) ("[T]he aiding and abetting statute does not define a separate offense but rather makes punishable as a principal one who aids or abets another in the

5

commission of a substantive offense.").

Luong argues that the instructions for finding a defendant liable under 18 U.S.C. section 2(b) do not require the use or threatened use of force. That instruction provides:

> A defendant may be found guilty of the crime(s) charged even if the defendant did not personally commit the act(s) constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Ninth Circuit Criminal Model Jury Instruction 4.2.

The district court instructed the jury on the elements of Hobbs Act robbery and advised them that in order to convict Luong of the Hokkins robbery, they would be required to find that he "caused employees . . . to part with computer chips and parts in their possession by wrongful use of threat of force or fear." (*See* Dkt. No. 2056-1 (Reporter Transcript at 6938).) Therefore, the trial court instructed the jury that the "act" in question required the use or threatened use of force.

Accordingly, the Court concludes that *Taylor*, alone or in consideration with Luong's post-conviction rehabilitative efforts, does not constitute an extraordinary and compelling reason to reduce Luong's sentence, and it DENIES his motion.

**IT IS SO ORDERED**.

Dated: December 6, 2022

_____
JEFFREY S. WHITE
United States District Judge